UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHARLES K. BRELAND, JR.,                                    CASE NO. 16-2772-JCO

Debtor.

---

BILLY C. MERCHANT,

Plaintiff,

v.

Adv Proc. No. 25-1036
Removed from the Circuit Court of
Baldwin County, Alabama
CV-2025-901556

CHARLES K. BRELAND, JR.
FLORENCIA DEVELOPMENT, INC.,
and A. RICHARD MAPLES, JR.,

Defendants.

## **MEMORANDUM ORDER AND OPINION**

This matter came before the Court January 20, 2026 on the Motion for Discharge filed by Charles K. Breland Jr. ("Breland"), the Objection thereto filed by Billy C. Merchant ("Merchant"), The Notice of Removal of Baldwin County CV No.25-901556 by A. Richard Maples ("Maples"); the Motion to Dismiss Party filed by Maples; Breland and Florencia Development Inc.'s Motion to Dismiss or Abstain, Merchant's Motion to Remand, and the related filings and briefs. (BK docs. 2716, 2723, 2730, AP Docs. 1, 4, 6, 10, 11).[1]  Proper notice of hearing was given and appearances

---

[1] For ease of reference, docket entries in the underlying Chapter 11 Bankruptcy of Charles K. Breland, Jr.,(Bankr. S.D. Ala. 16-2272) are cited herein as "BK doc." and docket entries in this Adversary Proceeding are referred to as "AP doc.".

1

were noted on the record. Upon consideration of the pleadings, the briefs, and the record, this Court finds good and reasonable grounds exist to abstain and remand for the reasons below.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND[2]

The Debtor, Charles K. Breland, ("Breland") filed the above-styled Chapter 11 bankruptcy on July 8, 2016 (the "Petition Date"). (BK doc. 1). On the Petition Date, Breland's interests in numerous entities including Florencia Development Inc.[3] ("Florencia") became property of the Bankruptcy Estate. (BK doc. 42; 11 U.S.C.§541). A. Richard Maples, Jr. was appointed as the Chapter 11 Trustee ("Trustee") for the Estate on May 3, 2017. (BK doc. 391). The administration of the case was a long and arduous process including contested claims, adversary proceedings, and disputes with various creditors, including the Internal Revenue Service, Levada EF Five, LLC, and the Hudgens Creditors. After extensive negotiations, the Debtor and Trustee filed a Joint Plan of Reorganization on April 11, 2022 (the "Plan"). (BK doc. 2287). The Plan and subsequent related filings incorporated resolutions of disputed claims, provided for unsecured creditors to be paid in full on the Effective Date, and revested estate assets in the Debtor upon payment or other resolution of the outstanding claims of the Hudgens' Creditors. (BK docs. 2312, 2287 at 19). The June 6, 2022 Confirmation Order provided in part that: (1) administrative expense claims incurred after the Effective Date but before the Revesting of Assets in the Reorganized Debtor would be paid only upon application and court approval within that period; (2) the Trustee retained sole authority to act on behalf of each entity in which Breland directly or indirectly owned a controlling interest

---

[2] As this is not the first instance in which abstention has been appropriate, portions of this Order are liberally restated from this Court's prior rulings.
[3] Florencia developed a condominium in Escambia County, Florida, known as the Florencia condominium, and additionally held an interest in certain submerged land adjoining the Florencia condominium.

2

until the revesting [4] (*Id.* at p. 9, 16). Thereafter, the claims of the Hudgens' Creditors were resolved by a Joint Motion To Approve Compromise ("Settlement Agreement"). (BK doc. 2635). The November 3, 2023 Order Approving the Compromise states in part:

> All Estate assets will revest in the Debtor individually upon closing of the Settlement except for Unit 903 of the Florencia condominium complex in Perdido Key, Florida, including the boat slip assigned to Unit 903, one designated parking space in the garage below the complex, the carriage house assigned to Unit 903, and the furnishings in Unit 903 (the "Condo"). . . Assets will revest free and clear of all liens, claims, and encumbrances, except as set forth herein (see paragraph 2.e below), in the Order approving the Settlement, and/or in the Order granting the Second Supplemental Application for Compensation as counsel for Debtor filed by McDowell Knight Roedder & Sledge, LLC ("McDowell The Trustee will initially and immediately list the Condo for sale at a price of $2.4 million. The Trustee will enter a listing agreement with Remax providing for a 5% commission to the listing agent. The Trustee will have full control over the marketing and sales process subject to the Debtor's input, and the Debtor shall cooperate in good faith with the Trustee, but the Debtor will not have the right to veto any sale. No further Court order will be required for the Trustee to engage a new listing agent, to change the list price, to sell the Condo, to pay the Levada debt referred to in subparagraph d. below at closing, or to pay any commission or other necessary and reasonable expenses of sale . . . Notwithstanding the foregoing, the Trustee's authority to sell the Condo is contingent upon a sale price which will yield proceeds sufficient to pay the amounts in paragraphs d(1) and d(2) below. (Doc. 2632) . . . Net proceeds after payment of necessary and reasonable expenses of sale of the Condo will be paid to satisfy remaining payments due under the Plan in the following order and priority: (1) at closing of the sale of the Condo, Levada will be paid directly from the closing agent $1,000,000.00 plus interest as set forth in Article IV.D.1 of the Plan and any post default reasonable attorneys' fees subject to the $20,000 cap referenced in paragraph 2(b), above; next (2) unpaid administrative and professional expense claims; and next (3) unpaid fees of McDowell Knight . . .

(*Id.* at 2, 3).

Pursuant to the Order Approving the Compromise, the assets of the Estate, with the exception of the Florencia Condominium and causes of action, revested in the Debtor on November 6, 2023 when the Settlement Agreement closed. (BK doc. 2641). On June 26, 2025, the Trustee sold Florencia Condominium Unit 903.(Bk doc. 2677). The sale included an Assignment of Exclusive Right to Use of Boat Dock Slip. (BK doc. 2677-1). Net proceeds of

---
[4] The Confirmation Order is incorporated by reference herein. (BK doc. 2325).

$423,693.82 ("Sale Proceeds") were received by the Trustee at the closing. (BK doc. 2677-2). The Trustee filed a Report of Remaining Assets on July 14, 2025, reflecting receipt of the Sale Proceeds and itemizing unpaid administrative claims in the case. (BK doc. 2693). On September 11, 2025, the Trustee filed his Final Consent Application for Compensation, which was recommended by the Bankruptcy Administrator, and Approved by Order of this Court on October 8, 2025. (BK docs, 2702, 2703, 2710, 2714). On November 6, 2025, Breland filed a Motion averring that he was entitled to a discharge under 11 U.S.C. §1141(d)(5) because all payments due under the Plan have been made and all assets held by the Estate have now revested in him individually. (BK doc. 2716.) Merchant filed an Objection to the Motion for Discharge. (BK doc. 2723).

Merchant was not a pre-petition creditor of Breland, did not assert any claims against the Bankruptcy Estate prior to confirmation, did not seek court approval for any loans to Florencia or the Debtor, and did not request any administrative claim(s). On January 27, 2025 he filed an Adversary "Complaint To Determine Validity, Amount, and Priority of Liens and Request For Declaratory Judgment Against Debtor" seeking to compel the Chapter 11 Trustee to interplead the net proceeds from the sale of Florencia Unit 903 pending resolution of such dispute. (*Merchant v. Breland*, Bankr. S.D. Ala. Adv. Pro. No. 25-01004, docs 1, 18). Merchant's claims arose from a January 27, 2023 Joint Venture Agreement between Merchant and Florencia ("JVA").[5] The terms of the JVA provide that: (1) Merchant would supply funding for improvements to boat slips adjacent to the Florencia Condominium; (2) Florencia would repay the loan plus 20%; and (3) Merchant would receive at least 60% of the proceeds of the sale of each boat slip until repaid. (*Id.* at doc 1-2). In response to Merchant's Complaint, Florencia and Breland contended that: (1) they

---

[5] The JVA reflects that it was between Merchant and Florencia and Breland signed it as authorized representative of Florencia. January 23, 2023 was post confirmation but pre-vesting of assets in the Debtor and the Trustee was not a signatory to the JVA.

4

attempted to remit funds to Merchant and terminate the JVA in 2024; (2) Merchant refused the payment; and (3) they intended to interplead funds (then held in trust by Florencia's Counsel) into the Circuit Court of Escambia County, Florida. (*Id.* docs. 6, 18)

This Court abstained and dismissed Merchant's Adversary Proceeding on procedural grounds because: (1) bankruptcy courts have limited jurisdiction; (2) Merchant's claims were essentially, post-petition, post-confirmation, state-law claims based on alleged breach of contract by Florencia (a non-debtor, third party); (3) Breland's Chapter 11 was confirmed in June 2022; (4) assets revested in Breland on November 2023; and (4) the administration of the Chapter 11 case was quickly approaching conclusion with payment of all allowed claims in full.[6] (*Id.* at doc. 23). This Court also noted that even if it had jurisdiction, permissive abstention would be warranted in the interest of justice, judicial economy, and respect for state law because the claims relate to alleged breach of a post-petition contract with a non-debtor entity, state law issues predominate, state courts are well suited to handle such matters, Merchant's claims are outside the scope of the Chapter 11 plan, and litigating such claims in bankruptcy court would impede the efficient completion of the administration of the bankruptcy estate. (*Id.*)

After this Court abstained, Merchant filed state court litigation against Breland, Florencia, *and the Chapter 11 Trustee, Maples,* in the Circuit Court of Baldwin County, Alabama[7] seeking to pursue claims under the JVA for collection on notes receivable, fraud, misrepresentation, promissory fraud, fraudulent transfer, voidable transfer, and declaratory judgment. The Trustee removed the Baldwin County Litigation to this Court on November 11, 2025 and sought dismissal from the action. (AP docs. 4,5).

---

[6] This Court did not conduct an evidentiary hearing or make any substantive findings as to Merchant's claims against Florencia.
[7] *Merchant v. Breland et al*, Baldwin County CV No.25-901556.

5

Upon consideration of the pleadings, briefs, record, and arguments of counsel at the hearing, this Court found that Maples acted with express authority to dispose of Property of the Estate consistent with the provisions of the confirmed Chapter 11 Plan; made disbursements pursuant to court orders; and was not a signatory to the JVA. It also noted that Merchant did not seek or obtain court approval for any loan or administrative claim in the bankruptcy proceeding and the Chapter 11 Estate did not undertake any obligation with Merchant. Recognizing that Maples, as a court appointed Trustee, was entitled to judicial immunity for acts taken within the scope of his authority, this Court dismissed him from the action with prejudice on the record in open Court on January 20, 2026.[8] A written order dismissing Maples as a party was subsequently entered on February 4, 2026. (AP doc.28). This Court also found that Charles K. Breland Jr. met the requirements for a discharge of his pre-petition debts under 11 U.S.C. §1141(d)(5) and an Order was entered on January 28, 2026. (BK doc.2739). Notably, dismissal of the Trustee places this Adversary in a substantively similar posture to Merchant's prior adversary proceeding. (Bankr. S.D. Ala. AP 25-1004).[9]

## ANALYSIS

As this Court has noted on several occasions, bankruptcy courts have limited jurisdiction and must assess their authority to adjudicate matters brought before them. *28 U.S.C. §1134(b); 28 U.S.C. 157; In re Toledo*, 170 F.3d 1340 (11th Cir.1999) (citing *Celotex Corp. v. Edwards*, 514

---

[8] See *Chua v. Ekonomou*, 1 F.4th 948 (11th Cir. 2021)(citing *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985))(Noting that court-appointed receivers enjoy judicial immunity for acts within the scope of their authority).
[9] As this Court finds its analysis in AP No. 25-1004 relevant to the present facts, portions thereof are liberally incorporated below.

U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995)); *In re Shortsleeve*, 349 B.R. 297 (Bankr. M.D. Ala. 2006). Federal district courts have original and exclusive jurisdiction over all "cases under title 11," and original but not exclusive subject matter jurisdiction over all civil proceedings "arising under" Title 11, or "arising in" or "related to" cases under Title 11. 28 U.S.C. §1334; *In re United Container LLC*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002)(noting federal courts are courts of limited jurisdiction which may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States). Federal district courts may refer cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 to the bankruptcy judges for the district. *28 U.S.C. 157*. Thus, bankruptcy courts have limited jurisdiction to hear the following types of matters: (1) cases under Title 11; (2) proceedings arising under Title 11; (3) proceedings arising in a case under Title 11; and (4) proceedings related to a case under Title 11 and certain other matters under section 327 of the Bankruptcy Code.

*Mandatory Abstention*

A core proceeding is one in which the matter at issue is one which " could arise only in bankruptcy." *In re Allied Sign Co., Inc.*, 280 B.R. 688, 691 (Bankr. S.D. Ala. 2001)(citing *In re Toledo,* 170 F.3d 1340, 1345 (11th Cir.1999). Congress did not intend for bankruptcy courts to hear matters just because a debtor is somehow involved. *In re Efron*, 535 B.R. 505, 511 (Bankr. D.P.R. 2014), aff'd, 529 B.R. 396 (B.A.P. 1st Cir. 2015). The Bankruptcy Code provides,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is

7

commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction . . .

28 U.S.C. §1334(c)(2).

Thus, 28 U.S.C. §1334(c)(2), requires bankruptcy courts to abstain from hearing state-law claims when the following circumstances exist: (1) the claim has no independent basis for federal jurisdiction, other than §1334(b); (2) the claim is a non-core proceeding (that is, it is related to a case under title 11 but does not arise under or arise in a case under Title 11); (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. *In re United Petroleum Grp., Inc.*, 311 B.R. 307, 311 (Bankr. S.D. Fla. 2004). The Eleventh Circuit has held that §1334(c)(2) applies to state-law claims that have been removed to federal court under §1452(a). *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir.2000).

Here, the allegations in the Adversary Complaint do not arise under the provisions of Title 11. Although Merchant previously asserted that his claims were somehow core proceedings under 28 U.S.C.§157(b)(2)(A) and (K), such assertions were simply untenable because his claims do not concern the administration of the Estate or the validity, extent or priority of liens in Breland's individual bankruptcy case. Merchant's claims are essentially post-petition, post-confirmation, state-law claims based on alleged breach of the JVA by Florencia, a non-debtor, third party corporation. The state-law claims are not core proceedings because they do not involve substantive rights created by bankruptcy law. The fact that Breland holds an interest in Florencia is not sufficient for this Court to exercise jurisdiction over post-petition, post-confirmation claims against Breland or non-debtor, Florencia, which are beyond the scope of the confirmed plan. As noted above, Merchant is not a creditor in Breland's individual bankruptcy and Merchant entered into the JVA with Florencia, not Breland individually or the Chapter 11 Trustee. Further, and perhaps most importantly, Breland's individual Chapter 11 was confirmed on June 6, 2022, assets

8

revested in Breland as provided in this Court's November 3, 2023 Order Approving the Compromise with the Hudgen's Creditors, and *the administration of the Chapter 11 case has been completed with payment of all allowed claims in full*. Thus, Merchant's post-petition, dealings with Breland and Florencia, without disclosure or Court approval, do not constitute a sufficient basis to disregard the provisions of the Confirmation Order, upend the completed bankruptcy administration, or otherwise allow this Court to exercise jurisdiction over Merchant's claims.

*Permissive Abstention*

Even when mandatory abstention is not required, bankruptcy courts may decline to consider certain matters under the doctrine of permissive abstention. Courts can permissively abstain from hearing a particular proceeding arising under Title 11 or arising in or related to cases under Title 11 in, "the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C.§1334 (c)(1). The Eleventh Circuit has noted that, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990). Courts evaluating whether permissive abstention is appropriate have considered various factors including: (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state-law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. §1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of

severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties. *In re United Container LLC*, 284 B.R. 162, 176–77 (Bankr. S.D. Fla. 2002); see also, V*ision Bank v. Platinum Invs., LLC*, WL 2144547 (S.D. Ala. May 11, 2011)(citing, *Retirement Sys. of Ala. v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257 (M.D. Ala 2002); *St. Vincent's Hosp. v. Norrell* (*In re Norrell*), 198 B.R. 987 (Bankr.N.D.Ala.1996)). These factors are applied flexibly depending on their relevance and importance under the particular circumstances of each case. *Cassidy v. Wyeth–Ayerst Laboratories Div. of American Home Products Corp.,* 42 F.Supp.2d 1260, 1263 (M.D.Ala.1999)(citing *Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993)).

An analysis of the relevant factors in this case supports permissive abstention. The first and most compelling factor is that Merchant's purported claims will not have any effect whatsoever on the administration of the Bankruptcy Estate. The underlying bankruptcy case has already been fully administered. The second factor also weighs in favor of abstention as Merchant's allegations are essentially state-law claims that do not arise from bankruptcy. Although bankruptcy courts may apply state law, such undertaking is warranted only when there will be an effect on the bankruptcy estate. The third and fourth factors also support abstention because the claims are not necessarily difficult or unsettled in nature and state courts are equipped to handle such matters.[10] The fifth and sixth factors further favor permissive abstention because as discussed

---

[10] As the Court notes that this removed action was initiated by Merchant in Baldwin County, Alabama close in time to an action initiated by Florencia in Escambia County, Florida and the parties disagree on the proper venue, it will leave that issue to be determined by the state court(s), if raised upon remand.

above, the outcome of the Removed Action will have no effect on the bankruptcy estate. The ninth and eleventh factors further support abstention since trial would place an unnecessary burden on the bankruptcy court's docket especially considering the lack of any benefit to the bankruptcy estate. Therefore, an analysis of the relevant factors supports permissive abstention.

## CONCLUSION

For these reasons, this Court finds that it lacks jurisdiction to adjudicate Merchant's remaining claims against Breland and Florencia. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Breland and Florencia's Request for Abstention and Merchant's Motion to Remand are GRANTED with regard to the remaining claims and parties.[11]

2. As the Chapter 11 Trustee was dismissed from this action, Merchant and his counsel are directed to take all actions necessary to ensure that no adverse action is taken or attempted to be reinstated against the Trustee in the state court proceeding.

3. This Order should not be construed as determination on the merits of the claims and defenses of the remaining parties in the litigation or preclude the parties from seeking a determination with regard to the appropriate venue upon remand.

Dated: February 5, 2026

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

---

[11] As the Chapter 11 Trustee was dismissed as a party, the remaining parties are Billy Merchant. Charles K. Breland Jr. and Florencia.